KETCHUM and another *v.* BLACK RIVER LUMBER COMPANY and others.

*(Circuit Court, W. D. Wisconsin.* ———, 1880.)

1. REMOVAL—CONTROVERSY—STIPULATION — ISSUE — EQUITABLE SUIT — LEGAL CLAIM—REFERENCE—TRIAL.

In Equity. Suit to set aside and cancel a mortgage. Motion to remove cause.

*M. P. Wing, G. C. Prentiss* and *G. W. Cate,* for plaintiffs.

*Cameron, Losey & Bunn,* for defendants.

BUNN, D. J. This action was begun in the circuit court of La Crosse county, Wisconsin, April 8, 1880. The plaintiffs

are citizens of Wisconsin. The Black River Lumber Company is a corporation created under the laws of Wisconsin. The defendants are citizens of Iowa. The action is in equity, and brought by the plaintiffs, who are corporators and stockholders in the Black River Lumber Company, against said company and against the other defendants, who, except the Bank of Fort Madison, are also stockholders in said company, for the purpose of setting aside and cancelling a certain chattel mortgage given and executed by the lumber company on March 29, 1880, and recorded in the proper office on April 1, 1880, to the defendant the Bank of Fort Madison, upon a large quantity of logs, being all the logs cut by said company during the winter of 1879 and 1880, to secure the sum of $65,-000 of cash advanced, claimed to be made by said bank to the company to carry on its business, and also to enjoin the defendants from taking possession of the logs, and for the appointment of a receiver to take charge of all the logs, lumber, and property of the company, of whatever nature, and manage and control and sell and dispose of the same for the interest of all concerned. An injunction as prayed for was issued at the commencement of the suit. On April 17th following the parties, by their attorneys, entered into a stipulation by which it was agreed that William R. Sill should be appointed by the court as receiver in the case, with all the usual powers of receiver, and in addition the power to manage and control the property, and sell and dispose of the same in the usual course of trade, for cash or on credit, and apply the proceeds to the payment of the company's debts in such order of preference as in the opinion of the receiver should be just, and as the court might direct; also, that as soon as such receiver should be appointed and his bonds approved that the mortgage to the defendant bank should be cancelled, but that all sums of money advanced by the bank, whether before or after the execution of the mortgage used in caring for and preserving the property, or in payment of the debts of the company, should be a charge against the company. The receiver was appointed on the same day, and took charge of the concerns of the company. It was after-

wards stipulated by the parties and ordered by the court that the receiver be authorized and directed to investigate the amount, validity, and *bona fides* of any and all claims against the company.    On July 14th the Bank of Fort Madison, by its attorney, filed a petition setting forth the indebtedness to it and to others of the company, and the giving of the chattel mortgage as a necessity to raise money to carry on the business and pay the debts; that the company was out of funds and wholly unable to meet its obligations, or to pay the claims which were liens on the logs; that the laborers who put in the logs and the persons who furnished supplies were pressing their claims; that the company was insolvent and had stopped payments; that the property of the company consisted of pine logs in Black river which were running down that river in the spring; that the company could not raise money to employ men necessary to care for the logs, and that the property was in danger of being scattered and destroyed; that after the mortgage was given the said defendant took possession of the logs and run them down the river, hiring and paying men, and furnishing supplies for the purpose, thus preserving the property for the receiver of the company and the creditors, and in so doing advancing $24,584.16, which the bank asks shall be adjudged a just claim against the company and paid as a preferred claim.

On July 16th, by order of the court, the matters charged in the petition were referred to Thomas A. Dyson to take testimony and report the same to the court.    Afterwards, on August 6th, the order of reference was modified so as to restrict it to the taking of such evidence as might be offered, leaving it to the parties to take the depositions of witnesses to be used upon the hearing in the usual way.    On September 6th the defendant the Bank of Fort Madison filed an answer to the complaint, among other things setting up the claim covered by its previous petition, and demanding that it be adjudged to be a preferred claim, and also a petition praying a removal of the case to this court.

The defendant's counsel now move to have the cause docketed in this court, which motion is resisted by the plaintiffs

upon several grounds: *First*, that the stipulation by which a receiver was appointed and the chattel mortgage cancelled put an end to the controversy; *second*, that the claim of the defendant bank, set up in its petition and answer, is a legal counter claim, and not triable in an equity case; *third*, that there has been no issue joined on the defendant's answer or petition, and therefore there is no controversy; *fourth*, that the defendant, by stipulating to have the petition referred to take testimony, and by appearing before the referee and taking testimony, has waived its right of removal.

I think neither of these objections good.

1. The stipulation did not put an end to the controversy. It but changes its form and scope in a degree. The suit and much of the controversy still remains. The mortgage itself is not in issue, but the settlement of the affairs of the lumber company, under a receivership, as well as the just grounds, validity, amount, and preference of the claim of the bank over the creditors, are still unsettled, and on controversies still pending, if not fully at issue.

2. That these controversies are not as fully at issue as they might be by the filing of a reply, is no objection to a removal. If no reply should ever be filed it would still be incumbent on the defendant to establish, by proof, the just amount and grounds of its claim, and to satisfy the conscience of the court in regard to its alleged right of preference. It is not like a mere default when there is no judicial function to be performed.

3. The objection that the claim of defendant is a legal claim and cannot be tried in this suit is untenable. Considered as a legal claim, it is still a proper matter of controversy in a suit where one of the express objects is to close up the present affairs of the company, so far as the sale of the property and payment of the debts are concerned.

The court might, in such a case, order the issue to be tried by a jury, upon the law side of the court, but the fact of its being a legal, as distinguished from an equitable, claim, has no bearing upon the question of the right of removal. But I think in a suit in chancery, like this, the claim which the

bank makes is an equitable claim, and properly set up and made in the manner it is. Whether it is well founded or not is one of the controversies in the case, and which properly exists between the Bank of Fort Madison and the Black River Lumber Company, and which can be wholly settled and determined, as between them, within the meaning of the second subdivision of section 2 of the removal act of 1875; as it is well settled that the position of the parties on the record, as to being plaintiff or defendant, is not material, provided there is such a controversy.

The lumber company as well as the bank are named in the complaint as defendants. But this controversy is substantially between the bank as plaintiff, and the lumber company as defendant, and may be determined wholly as between them without the presence of the other parties, though, as stockholders, they would have an indirect interest. That interest is legally and fully represented by the corporation.

4. The reference of the petition to take testimony was not a trial of the case in any sense, so as to preclude a removal. Other evidence was to be taken upon deposition, and the final hearing was to be before the court. The petition for removal was made in proper time, and makes a clear case on its face for a removal, and there is nothing in the record to contradict the facts there set forth, and if the plaintiff wishes to put them in issue he can only do it by plea in abatement to the jurisdiction, in this court.

The case will be docketed in this court.